**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | | |
|---|---|---|
| FUNDAMENTAL NUTRITION LLC and CHAOS AND PAIN LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No._____ |
| EMERGE NUTRACEUTICALS INC. and KEITH THOMAS, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Fundamental Nutrition LLC and Chaos and Pain LLC, for their Complaint state as follows:

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Plaintiff Fundamental Nutrition LLC ("Fundamental") is a single member limited liability corporation organized under the laws of the State of Alabama with principal place in Birmingham, Alabama, 35242. Fundamental's member is a citizen of the State of Alabama.

2. Plaintiff Chaos and Pain LLC ("Chaos") is a two-member limited liability corporation organized under the laws of the State of Alabama with principal place of business at 2304 Craft Lane, Birmingham, Alabama, 35242. Chaos' members are citizens of the States of Alabama and Washington.

3.      Defendant Emerge Nutraceuticals Inc. ("Emerge") is organized under the laws of the State of Florida with principal place of business at 721 S Rossiter St., Mount Dora, Florida 32757. According to the Florida Department of State, Division of Corporations public records online[1], Emerge was administratively dissolved on September 23, 2022 relating to an annual report filing, which on information and belief, relates to Emerge's failure to comply with annual reporting requirements.

4.      Defendant Keith Michael Thomas ("Thomas") is a Florida citizen residing in Mount Dora, Florida. Upon information and belief, Thomas is the chief executive officer of Emerge.

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1). The matter in controversy for each plaintiff separately exceeds $75,000.00, exclusive of interest and costs. Complete diversity of citizenship exists between the Plaintiffs and the Defendants.

6.      The Court has personal jurisdiction over Emerge and Thomas because Emerge and Thomas are citizens of Florida.

7.      Venue is proper in the Middle District of Florida, Ocala Division pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claims occurred in this district and division, and Defendants are subject to personal jurisdiction in this district and division.

---

[1] https://search.sunbiz.org/Inquiry/CorporationSearch/ByName

## FACTS

8.      Emerge is a dietary and nutritional supplement manufacturer. Supplement manufacturing involves taking raw compounds and ingredients, usually purchased from a third-party producer, and blending them in prescribed proportions. Once prepared, the ingredients are packaged according to the retail supplier's specifications and prepared for delivery to the retail supplier.

9.      Plaintiffs began doing business with Emerge in 2021. Before retaining the Defendants as a manufacturer, Plaintiffs inspected Emerge's manufacturing facility. Plaintiffs last inspected the facility in the Summer of 2022. At each inspection, Plaintiffs observed a fully functioning manufacturing operation. Emerge and Thomas represented that the Emerge manufacturing facility and practices conformed to Current Good Manufacturing Practices ("CGMP") as defined by Federal law.  Throughout 2022, Plaintiffs placed orders with Emerge to manufacture products for multiple supplement brands.

10.      Chaos placed an order for several products including "Ferox" on April 22, 2022. To assist Emerge in completing these orders, Chaos purchased materials, including but not limited to lids and capsules, and had them delivered to Emerge (the "Materials").

11.      On June 1, 2022, Fundamental placed an order for a pre-workout supplement (the "Pre-workout Order").

12.     The orders identified above are collectively referred to as the "Orders."

13.     The Orders are grossly behind schedule. The Pre-workout Order was due to be complete at the latest on September 1, 2022. The Ferox Order was due to be complete at the latest on July 22, 2022. Other orders are overdue significantly.

14.     Defendants have offered various excuses for the delay. On or about September 15, 2022, Thomas informed Chaos and Fundamental, that the delays were due to commonplace issues, such as difficulties sourcing raw materials, bottles, and lids necessary for completing orders.

15.     On or about November 1, 2022, Thomas told Chaos and Fundamental that the orders were delayed because Emerge was under Federal Food and Drug Administration ("FDA") investigation and that the Emerge facility was regularly being visited and inspected by FDA agents.

16.     Chaos and Fundamental requested additional information from Emerge about the investigation. Thomas said that his attorney had advised him not to share any details other than permitting him to send what purported to be a letter from the United States Customs and Border Patrol Office dated August 9, 2022. The letter was heavily redacted and provided no substantive information to Chaos and Fundamental concerning the delays in their order.

17.     During subsequent weeks, Thomas continued to represent that the FDA investigation was preventing Emerge from fulfilling the Orders. He also represented

that his attorney "Joseph" was taking regular flights from Birmingham, Alabama, the location of Plaintiffs' headquarters, to the Emerge facility in Florida to represent Emerge in the FDA matter. Plaintiffs repeatedly requested Joseph's contact information. Thomas refused but stated that his attorney would contact Chaos and Fundamental. Neither Plaintiffs nor their counsel have been contacted by Joseph.

18.     On or about October 21, 2022, Chaos received a letter from a law firm requesting that all funds due to Emerge and Paul Russell Thomas, Keith Thomas' father, be remitted directly to the firm. The letter stated that the firm's client had a perfected security interest in Emerge's accounts receivables and advised that Chaos could be subject to liability if it made any further payments to Emerge and not directly to the firm. Plaintiffs contacted Keith Thomas about the letter. Thomas claimed the letter was a misunderstanding and that the issue had been resolved. Thomas has not provided any proof of release of the lien to Plaintiffs.

19.     In November, 2022, Plaintiffs investigated the status of the Orders and the circumstances at the Emerge facility.

20.     On information and belief, Emerge no longer manufactures out of its 721 S. Rossiter St. location, but has relocated its manufacturing facilities to a private residence in Mount Dora, Florida. On information and belief, this residence is not a CGMP compliant facility. Nevertheless, Thomas has continued to represent that any orders once filled will be available for pickup at the Rossiter Street manufacturing

location. On information and belief, Thomas evades detection of this change in manufacturing location by continuing to ship products from the old Emerge manufacturing location.

21.    Further investigation has revealed that Thomas has represented to Emerge employees that it cannot pay them because Plaintiffs owe emerge payment for outstanding products, which is untrue.

22.    On information and belief, although Fundamental and Chaos have ceased doing business with Emerge, Emerge is still taking orders from other companies.

23.    Chaos and Fundamental's investigation has not uncovered any information suggesting that there is an FDA investigation ongoing at Emerge.

24.    Emerge's and Thomas' conduct has caused and continues to cause financial harm to Plaintiffs.  Chaos and Fundamental have lost significant sales due to delays in receiving their products.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

25.    Plaintiffs hereby repeat and reallege the allegations in paragraphs 1 through 24 as if set forth fully herein.

26.     The Parties, for valuable consideration, entered into valid and enforceable contracts for the manufacture of supplements by Emerge in return for payments by Plaintiffs.

27.     Emerge has failed to meet production deadlines and failed to produce products that were ordered by Plaintiffs, in breach of express terms of the Parties' contract.

28.     At the time Plaintiffs placed orders, Emerge knew or should have known that time was of the essence and that Plaintiffs were ordering the supplements to offer them for sale to their customers. Plaintiffs have been unable to obtain alternative sources for these products.

29.     The contracts between Plaintiffs and Emerge are governed by common law and by the provisions of Alabama Code § 7-2-101 et. seq. (Uniform Commercial Code - Sales) or alternatively under common law and by the provisions of Florida Statute § 672.101 et. seq. (Uniform Commercial Code - Sales).

30.     Emerge's breach of contract has damaged Chaos in an amount exceeding $75,000. Emerge's breach of contract has damaged Fundamental in an amount exceeding $75,000.

## SECOND CLAIM FOR RELIEF

### (Fraud)

31.     Plaintiffs hereby repeat and reallege the allegations in paragraphs 1 through 24 and 26 through 30 as if set forth fully herein.

32.     Emerge and Thomas knowingly and intentionally made false representations that Emerge would manufacture the Orders in the agreed upon timeframe.

33.     Emerge and Thomas knowingly and intentionally made false representations about the location and state of the facility manufacturing the Orders, namely that it was at the address listed on the Emerge website and on its invoices and was a CGMP compliant facility.

34.     Emerge and Thomas made or caused to be made these false representations with the intent to defraud and to induce Plaintiffs to make deposits and place time-sensitive orders. Specifically, Emerge and Thomas made or caused to be made those false representations in order to profit from deposits made by Plaintiffs for the Orders.

35.     Plaintiffs justifiably relied on Emerge's and Thomas' false representations and were unaware of Emerge's and Thomas' fraud.

36.    Emerge's and Thomas' fraud was gross, oppressive, and malicious, and as a result of their conduct, Plaintiffs were injured in an amount to be determined at trial.

37.    Among other things, Thomas' and Emerge's fraud caused Plaintiffs reputational harm with customers, delayed Plaintiffs' efforts to obtain alternative sources for the manufacture of their products and resulted in lost profits. Plaintiffs were each damaged in an amount exceeding $75,000.

## FOURTH CLAIM FOR RELIEF

### (Negligent Misrepresentation and Suppression)

38.    Plaintiffs hereby repeat and reallege the allegations in paragraphs 1 through 24, 26 through 30, and 32 through 37 if set forth fully herein.

39.    Emerge and Thomas misrepresented or caused to be misrepresented that they could manufacture the Orders in the agreed upon timeframe. These statements were false and misleading and were made with an intent to defraud and to induce Plaintiffs to make deposits and place time-sensitive orders.

40.    Emerge and Thomas did not exercise reasonable care in verifying the accuracy of these statements, should have known that the statements were false, yet represented that they knew the statements to be true. Emerge and Thomas made these statements recklessly, without regard to their truth or falsity.

41.     Emerge and Thomas did not take any affirmative steps to correct their materially false statements or material omissions. Moreover, they engaged in a pattern of suppressing the truth and in failing to disclose material changes in their manufacturing ability and capacity that if disclosed, would have caused Plaintiffs to cancel their orders and seek substitute suppliers.

42.     Emerge and Thomas had a duty to provide Plaintiffs with accurate information because they knew they would rely on their false representations and material omissions in conducting their businesses.

43.     The Plaintiffs reasonably relied upon Emerge's and Thomas' misrepresentations and material omissions and were unaware that they were false. Among other things, Thomas' and Emerge's misrepresentations caused Plaintiffs reputational harm with customers, delayed Plaintiffs' efforts to obtain alternative sources for the manufacture of their products and resulted in lost profits. Plaintiffs were each damaged in an amount exceeding $75,000.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

44.     Plaintiffs hereby repeat and reallege the allegations in paragraphs 1 through 24, 26 through 30, 32 through 37, and 39 through 43 as if set forth fully herein.

45.     Emerge and Thomas misrepresented, caused to be misrepresented, and/or conspired to misrepresent to Plaintiffs that they would manufacturing supplements in a timely manner and in accordance with other agreed-upon terms and at a CGMP complaint facility.

46.     As a result of these false representations and material omissions, Emerge and Thomas wrongfully obtained a monetary benefit to which they were not legally entitled.

47.     Emerge and Thomas have no right in justice and equity to retain these gains.

48.     Plaintiffs are therefore entitled to the remedies of disgorgement and restitution in the amount by which Emerge and Thomas were unjustly enriched, or the imposition of a constructive trust over Emerge's and Thomas' assets to that extent in order to prevent Emerge's and Thomas' enjoyment of that benefit.

## SIXTH CLAIM FOR RELIEF

### (Money Had and Received)

49.     Plaintiffs hereby repeat and reallege the allegations in paragraphs 1 through 24, 26 through 30, 32 through 37, 39 through 43, and 45 through 48 as if set forth fully herein.

50.     Emerge and Thomas have profited from their fraudulent representations, negligent misrepresentations, and suppression of material facts.

51.    In equity and good conscience, Emerge and Thomas ought not to retain those profits.

52.    Plaintiffs are therefore entitled to the remedies of disgorgement and restitution in the amount by which Emerge and Thomas were unjustly enriched, or the imposition of a constructive trust over Emerge's and Thomas' assets to that extent in order to prevent Emerge's and Thomas' enjoyment of that benefit.

## SEVENTH CLAIM FOR RELIEF

### (Conversion)

53.    Plaintiffs hereby repeat and reallege the allegations in in paragraphs 1 through 24, 26 through 30, 32 through 37, 39 through 43, 45 through 48, and 50 through 52 as if set forth fully herein.

54.    Emerge received Materials from Chaos and refuses to return the Materials or provide an itemized record of use of the Materials.

55.    Plaintiffs conduct was done knowingly, willfully, and with malicious intent.

56.    As a proximate result of Emerge's conduct, Chaos has incurred damages in the value of the property at the time it was converted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Emerge and Thomas as follows:

(a) an order entering judgment in favor of Plaintiffs against Emerge and Thomas, jointly and severally;

(b) an order awarding Plaintiffs damages in an amount to be determined;

(c) an order awarding Plaintiffs pre-judgment and post-judgment interest;

(d) an order awarding Plaintiffs punitive damages;

(e) an order awarding Plaintiffs reasonable attorneys' fees and other costs; and

(f) for such additional relief as the Court finds just, equitable, and appropriate.

Dated this 25th day of January, 2023.

Respectfully submitted,

**Adam C. Losey, Esq.**
Florida Bar No. 69658
Primary: alosey@losey.law
Secondary: docketing@losey.law
**Gabrielle L. Feulner, Esq.**
Florida Bar No. 1039381
Primary: gfeulner@losey.law
**Losey PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
Telephone: (407) 906-1605
Attorneys for Plaintiffs