UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FUNDAMENTAL NUTRITION LLC**
**and CHAOS AND PAIN LLC,**

    Plaintiffs,

v.                                              Case No: 5:23-cv-64-JA-PRL

**EMERGE NUTRACEUTICALS INC.**
**and KEITH THOMAS,**

    Defendants.
_____

## ORDER

This breach of contract and fraud case is before the Court for consideration of Plaintiffs' second motion to deem substitute service of process perfected, or in the alternative, for alternative service, or for a 90-day extension of time to effect personal service. (Doc. 14). Plaintiffs recite that, despite repeated and diligent efforts, they have been unsuccessful in their attempts to complete service on Defendant Keith Thomas, whom they contend is evading service. For the reasons explained below, Plaintiffs' motion is due to be granted to the extent that substituted service of process is deemed properly executed on Defendant Keith Thomas.

    **I.**    **Background**

Plaintiffs bring claims for breach of contract, fraud, unjust enrichment, and related claims arising out of contracts for the manufacture of nutritional supplements by Defendant Emerge Nutraceuticals Inc. ("Emerge") in return for payments by Plaintiffs. (Doc. 1). Plaintiffs contend that Defendants failed to meet production deadlines and made material misrepresentations, resulting in loss of profit and reputational harm to Plaintiffs. As alleged in the complaint, "Defendant Keith Michael Thomas ("Thomas") is a Florida citizen residing

in Mount Dora, Florida. Upon information and belief, Thomas is the chief executive officer of Emerge." (Doc. 1 at 2, ¶ 4).

As set forth in Plaintiffs' motion (Doc. 14), Plaintiffs contend that Thomas is evading service. Plaintiffs' motion is supported by the affidavit of Plaintiff's counsel detailing the service attempts. (Doc. 14-1). Plaintiffs request that the court deem substitute service of process has been completed based on their service upon the Florida Secretary of State under Fla. Stat. §§ 48.161 and 48.181. Alternatively, Plaintiffs request that they be permitted to use an alternate method of service such as posting at Defendant's place of business and delivery via Fed-Ex overnight courier. Finally, Plaintiffs request a 90-day extension of time to effect personal service. (Doc. 14).

Previously, the Court granted Plaintiffs' prior motion to the extent that Plaintiffs were granted an extension of 90 days to effect personal service. Plaintiffs were directed to continue their diligent attempts to effect personal service during that time. (Doc. 13). As the recitations in Plaintiffs' renewed motion explain, Plaintiffs continued their efforts to complete service on both Emerge Nutraceuticals Inc., and Keith Thomas. Plaintiffs report that they did successfully serve Emerge via its registered agent, T. Medina. (Doc. 14 at 7).

Meanwhile, as Plaintiffs explain, they have not been able to successfully serve Defendant Thomas. Their attempts have included attempting to serve him at his last known address, where Plaintiffs contend the process server was told falsely that Thomas did not reside there. Plaintiffs also attempted service over six times at Thomas's place of business, including at the dates and times suggested by the person answering the door, attempted to obtain a forwarding address, and conducted comprehensive searches. (Doc. 14 at 12).

Plaintiffs' efforts are detailed in the exhibits to their motion, as well as in the affidavit of counsel David Meek. (Doc. 14-1).

## II. Legal Standards

Federal Rule of Civil Procedure 4(e) governs the methods for effecting service of process on an individual. Under 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Alternatively, under 4(e)(2), an individual may be served by delivering a copy of the summons and the complaint to the individual personally; by leaving copies "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or "delivering a copy of each to an agent authorized by appointment or by law to receive serves of process." Fed. R. Civ. P. 4(e)(2).

In certain circumstances, substituted service of process may be effectuated under Florida law upon a nonresident or a party who conceals his or her whereabouts. *EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. January 6, 2011). Specifically, Florida Statutes §§ 48.181 and 48.161 provide a method for effecting substitute process of service by serving the Florida Secretary of State when an individual or business entity is concealing its whereabouts. Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions for substituted service. *City of Jacksonville v. Arrigato, Inc.*, No. 3:10-cv-211-J-32MCR, 2010 WL 3069135, at *1 (M.D. Fla. August 4, 2010) (citing *George Fisher, Ltd. v. Plastiline, Inc.*, 379 So.2d 697, 699 (S.D. Fla. 1980)). "The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of

proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Hughes v. American Tripoli, Inc.*, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2071529, at *1–2 (M.D. Fla. July 17, 2007) (citing *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So.2d 58, 61 (Fla. 4th DCA 1976) (citations omitted)).

On June 15, 2022, the Florida Legislature passed S.B. 1062, which reshaped the procedures for, and methods governing, service of process for actions pending in Florida courts. See Fla. S.B. 1062, 2022 Fla. Laws ch. 2022-190 (enacted June 15, 2022) (effective January 2, 2023). The updated legislation clarifies and simplifies the standards and procedures regarding substitute service of process.

The relevant legislation is codified as Florida Statutes §§ 48.181 and 48.161. Section 48.181 states in pertinent part:

> Any individual . . . that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against it . . . arising out of any transaction or operation connected with or incidental to any business or business venture carried on this state by such individual or business entity . . . . [s]ervice pursuant to this section must be effectuated in the manner prescribed by s. 48.161.

Fla. Stat. § 48.181(4), (6), *amended by* 2022 Fla. Laws ch. 2022-190, 14–15 (effective January 2, 2023).

Section 48.161 states in pertinent part:

> When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service [by Serving the Secretary of State] . . . in connection with any action in which the court has jurisdiction over such individual or business entity. . . . The party

> effectuating service is considered to have used due diligence if that party:
> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(3), (4)(a)–(c), *amended by* 2022 Fla. Laws ch. 2022-190, 12–14 (effective January 2, 2023).

Additionally, to effectuate proper substituted service of process on a defendant concealing its whereabouts under section 48.161, a plaintiff must: (1) serve the Secretary of State by providing them with a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending them a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effectuate personal service on the party before using substituted service. *Id*. at (1)–(2).

### III. Discussion

As a preliminary matter, the Court notes that Plaintiffs' previous request to deem substitute service of process perfected as to Defendant Emerge is moot due to the successful

completion of personal service upon Emerge's registered agent, Taniqua Medina, at Emerge's business address, 721 S. Rossiter St., Mount Dora, Florida. (Doc. 14-2). Plaintiffs, however, have been unsuccessful in their efforts to complete personal service upon Defendant Keith Thomas.

Plaintiffs contends Thomas cannot be served by the methods of service contemplated by Rule 4(e)(2) because he is evading service. Indeed, Plaintiffs have been attempting to complete service of process via these methods for several months to no avail, meanwhile receiving information suggesting that Thomas is concealing his whereabouts. Notably, Plaintiffs contend that Thomas was present at the time that Medina was served at the Rossiter Street address, "but abandoned Medina and sped away in a gray BMW to avoid being served personally." (Doc. 14 at 2).

### A. Whether Thomas is concealing his whereabouts.

To apply Florida Statutes §§ 48.181 and 48.161 regarding substituted service, the Court must first determine whether Thomas is concealing his whereabouts such that the statutes can be invoked. The facts relevant to whether Thomas is concealing his whereabouts are closely intertwined with those relevant to the Plaintiffs' due diligence.

Plaintiffs' efforts to complete service on Thomas are detailed in the exhibits to Plaintiff's motion, including the affidavits of the process servers and the affidavit of counsel. (Docs. 14-1, 14-2, 14-3, 14-4 & 14-5). Plaintiffs attempts to complete service on Defendants began as early as February 2, 2023. (Doc. 14-5). Over five different dates in February, the process server attempted to serve Thomas at the Rossiter Street business address. The door was initially answered by a female who stated that Thomas would be back later that day, and on another occasion, she stated he would be back Monday. (Doc. 14-5). The process server

returned several times and eventually concluded, "Defendant has cameras on doors, won't answer now that they know who I am." (Doc. 14-5).

On May 4, 2023, a process server attempted service again beginning at 5:30 a.m. at the Rossiter Street address. (Doc. 14-2). Later that morning, the process server observed a gray BMW arrive and drop off Medina, who was then personally served in her capacity as the registered agent of Emerge. The server explained that Medina refused to take the service papers in hand and was therefore "drop served." (Doc. 14 at 2). Plaintiffs contend that Thomas was present and was driving the vehicle but fled to avoid being served. (Doc. 14 at 2).

In September 2023, a process server attempted to serve Thomas numerous times at the Rossiter Street address, as well as at Thomas's residential address, 6145 Tremayne Dr., Mount Dora, Florida. The Tremayne property had been identified as the last known and current residential address for both Thomas and Medina in a comprehensive report. (Doc. 14-1 at 9). On September 8, 2023, the process server confirmed with the community's gatehouse guard that both Thomas and Medina resided at the Tremayne property. (Doc. 14-3). The affidavit of non-service confirms that the process server verified Thomas's residence at the address, but upon knocking on the door was told (apparently falsely) by a female that Thomas was unknown. Based on a social media search, the process server believed the female was, in fact, Taniqua Medina, Thomas's wife. (Doc. 14-3). Further, at that same visit, the process server observed a license plate near the front door with tools to remove the plate. The process server confirmed that the plate was registered to Taniqua Medina. (Doc. 14-3). The server attempted several more times soon thereafter and, although movement was observed inside the home, the occupants failed to answer the door. (Doc. 14-3).

The sequence of events attested to in the affidavits of service and non-service establish that Keith Thomas has actual knowledge of this litigation and is actively concealing his whereabouts and avoiding service of process. When viewed in the context of the fact that Medina and Thomas were confirmed by both the comprehensive report and their community's gatehouse guard as presently living together at the Tremayne property (and perhaps married), the affidavits of service and non-service are telling. It would defy logic to conclude that the repeated failure to answer the video-surveilled door during business hours at the Rossiter business address, Medina's refusal to take the service papers in hand necessitating drop service, and Thomas's apparent abrupt departure when Medina was served were mere coincidences. Further, the false information given to the process server during the September attempt at the Tremayne property is also telling given that the gatehouse guard had just confirmed Thomas and Medina's residence at the address, not to mention the license plate registered to Medina and tools observed near the door. Based on the foregoing, the Court finds that Keith Thomas is concealing his whereabouts under Florida Statute § 48.181(4).

### B.     Whether Plaintiffs have exercised due diligence.

Next, the Court turns to the due diligence factors. First, the undersigned finds that Plaintiffs made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service. Plaintiffs conducted a search to determine the Defendants' current address and used both the business and residential address to attempt service on multiple occasions over many months. Further, Plaintiffs' process servers conducted stakeouts and investigations. This is not a case where the process servers continued service attempts at a vacant residence while observing no activity. Rather, the process servers observed activity at both the business and residential

address and gained information confirming that the addresses were accurate, and that Thomas was avoiding service. Second, in seeking to effectuate service, Plaintiffs reasonably employed that knowledge to attempt service. Third, Plaintiffs made an appropriate number of attempts to serve Thomas, "taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process." Fla. Stat. § 48.161(3), (4)(a)–(c). The undersigned finds the number of attempts reasonable, particularly in light of the evidence establishing that Thomas is concealing his whereabouts. At this point, additional attempts would be futile. Indeed, "the rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Verizon Trademark Servs., LLC v. Producers Inc.*, No. 8:10-CV-665-T-33EAJ, 2011 WL 3296812, at *5 (M.D. Fla. Aug. 2, 2011).

Upon a finding that Thomas is concealing his whereabouts and that Plaintiffs have exercised due diligence, the undersigned agrees that authorization of substitute service of process is appropriate in the circumstances under Florida Statutes §§ 48.181 and 48.161.

### C. Whether Plaintiffs complied with the statutory requirements.

As established by the affidavit of counsel David Meek and documents supporting the affidavit, Plaintiffs complied with the statutory requirements because they mailed copies of the pleadings and summons to the Florida Secretary of State, and the Florida Secretary of State accepted such process on April 21, 2023. (Doc. 14-1 at 21). Plaintiffs then provided a copy of the complaint, alias summonses, and the Florida Secretary of State's acceptance of service to Defendant Thomas and Agent Medina at the Rossiter Street address by certified

mail, return receipt requested, regular U.S. Mail, and FedEx. As established by the record and the affidavit of counsel, Plaintiff's efforts satisfy the requirements of § 48.161.[1]

Under the circumstances presented here, and upon the finding that Thomas is concealing his whereabouts and that Plaintiffs' have exercised due diligence, the Court concludes that substituted service is appropriate. *See Medina Vega v. PBS Construction LLC, et. al.*, No. 6:23-CV-940-PGB-EJK, 2023 WL 6809633, at *4 (M.D. Fla. Oct. 16, 2023) (authorizing substituted service under § 48.161 due to defendant's concealment of whereabouts and plaintiff's exercise of due diligence), and *United States v. Shiffman*, No. 6:20-CV-1747-PGB-DCI, 2021 WL 4208697, at *3 (M.D. Fla. Apr. 16, 2021) (finding substituted service was warranted and properly executed under § 48.161 because defendant concealed her whereabouts and the United States exercised due diligence).

### IV. Conclusion

For the reasons explained above, Plaintiffs' second motion (Doc. 14) to deem substitute service of process perfected is GRANTED to the extent that substituted service of process is deemed properly executed on Defendant Keith Thomas. In all other respects, Plaintiffs' motion (Doc. 14) is DENIED as moot.

**DONE** and **ORDERED** in Ocala, Florida on October 23, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[1] Because Thomas is concealing his whereabouts, "a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed." Fla. Stat. § 48.161(3), amended by 2022 Fla. Laws ch. 2022-190, 12–14 (effective January 2, 2023). *See Medina Vega*, 2023 WL 6809633 at *4.

- 11 -

Copies furnished to:

Counsel of Record
Unrepresented Parties