# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

FUNDAMENTAL NUTRITION
LLC and CHAOS AND PAIN
LLC,

                **Plaintiffs,**

**v.**                                      **Case No. 5:23-cv-64-JA-PRL**

EMERGE NUTRACEUTICALS
INC. and KEITH THOMAS,

                **Defendants.**

## ORDER

This case is before the Court on Plaintiffs' motion for default judgment (Doc. 19). For the reasons that follow, the motion will be granted in part and denied in part.

## I.    BACKGROUND

Plaintiffs are nutritional-supplement retailers, (*see* Doc. 1 ¶¶ 8–11, 24), organized under Alabama law and headquartered in Alabama, (*id.* ¶¶ 1–2, 17). Defendant Emerge Nutraceuticals Inc. is a nutritional-supplement manufacturer organized under Florida law and headquartered in Florida. (*Id.* ¶¶ 3, 20). Defendant Keith Thomas is Emerge's chief executive officer. (*Id.* ¶ 4). On multiple occasions between 2021 and the summer of 2022, Plaintiffs inspected Emerge's Mount Dora, Florida manufacturing facility as prospective

customers and observed "a fully functioning manufacturing operation." (*Id.* ¶¶ 9, 17, 20). On at least one occasion, Thomas told Plaintiffs that Emerge's manufacturing facility and practices adhered to "Current Good Manufacturing Practices" under federal law. (*Id.* ¶ 9).[1]

"Throughout 2022, Plaintiffs placed orders with Emerge to manufacture products for multiple supplement brands." (*Id.*). On April 22, 2022, Plaintiff Chaos and Pain LLC ordered several supplements from Emerge. (*Id.* ¶ 10). One of the orders was due by July 22, 2022. (*Id.* ¶ 13). To help Emerge fulfill the orders, Chaos and Pain bought lids, capsules, and other materials and shipped them to Emerge. (*Id.* ¶ 10). On June 1, 2022, Plaintiff Fundamental Nutrition LLC ordered a different supplement from Emerge, (*id.* ¶ 11), and arranged for

---

[1] Plaintiffs make several allegations on "information and belief," including that Thomas is Emerge's chief executive officer and that at some point—possibly around November 2022, when Plaintiffs investigated Emerge's manufacturing facility—Emerge moved its manufacturing operations to a private residence that does not adhere to Current Good Manufacturing Practices. (*See* Doc. 1 ¶¶ 3–4, 19–20, 22). The Court need not accept allegations made on "information and belief" as true unless they are justified by sufficient facts. *See Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (declining "to take as true [certain] allegations 'upon information and belief'"); *Smith v. City of Sumiton*, 578 F. App'x 933, 935 n.4 (11th Cir. 2014) ("[W]e do not have to take as true allegations based merely 'upon information and belief.'" (citing *Mann*)); *see also Carlisle v. Nat'l Com. Servs.*, 722 F. App'x 864, 868 (11th Cir. 2018) (finding no abuse of discretion when the district court granted the motion for default judgment "based on facts alleged 'on information and belief'" because the plaintiff "also allege[d] the facts that led" to the belief). The allegation that Thomas is Emerge's chief executive officer, (Doc. 1 ¶ 4), has enough factual support to be taken as true because Plaintiffs also describe Thomas's communications with them on Emerge's behalf and with Emerge's employees, (*id.* ¶¶ 9, 14–18, 21). However, the allegations about Emerge's manufacturing facility, (*id.* ¶ 20), are not sufficiently supported because Plaintiffs do not "also allege[] the facts that led" to their beliefs. *See Carlisle*, 722 F. App'x at 868.

2

Emerge to complete the order by September 1, 2022, (*id.* ¶ 13). Emerge is overdue in fulfilling Plaintiffs' orders. (*Id.*). The delay harmed Plaintiffs in that they "lost significant [supplement] sales" and their reputations with customers were damaged. (*Id.* ¶¶ 24, 37, 43).

Accordingly, on January 25, 2023, Plaintiffs brought six counts against Defendants: breach of contract, fraud, negligent misrepresentation and suppression, unjust enrichment, money had and received, and conversion. (*Id.* ¶¶ 25–56). Plaintiffs served Emerge through its registered agent, (Doc. 14-2; Doc. 15 at 5–6), but Thomas evaded service and had to be served through the Florida Secretary of State, (Doc. 15 at 6–10). *See* Fla. Stat. §§ 48.161, 48.181. Defendants have not appeared in the case, so on Plaintiffs' motion, (*see* Doc. 16), the Clerk of Court entered default against them, (*see* Doc. 17). Plaintiffs now move for default judgment. (*See* Doc. 19).

## II.   LEGAL STANDARD

When defendants fail to defend against the claims asserted against them, a district court may enter default judgment on the claims. Fed. R. Civ. P. 55(b)(2). "[H]owever, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[W]hile a defaulted defendant is deemed

3

to 'admit[] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (second alteration in original) (quoting *Nishimatsu*, 515 F.2d at 1206). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245.

Federal Rules of Civil Procedure 8(a)(2) and 9(b) establish the requirements for stating a claim in this case. Rule 8(a)(2) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 9(b) requires a cause of action sounding in fraud to "state with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 8(a)(2), a claim must be "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), such that its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And to satisfy Rule 9(b), a claim must set forth "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the

4

defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). In other words, a claim sounding in fraud must provide "the who, what, when[,] where, and how" of the alleged fraudulent activities. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (quoting *Gross v. Medaphis Corp.*, 977 F. Supp. 1463, 1470 (N.D. Ga. 1997)).

## III.   DISCUSSION

Plaintiffs do not pursue default judgment as to their conversion count. (Doc. 19 at 9). And although they pursue default judgment as to their negligent-misrepresentation count, (*id.* at 6–7), to the extent that suppression is separate, they make no mention of suppression in their motion for default judgment and thus do not pursue default judgment as to suppression, (*see id. passim*). The counts that remain are breach of contract, fraud, negligent misrepresentation, unjust enrichment, and money had and received. (*See* Doc. 1 ¶¶ 25–56). The Court will discuss the breach-of-contract count first, the quasi-contractual counts of unjust enrichment and money had and received next, and the fraud and negligent-misrepresentation counts last.

As for the governing law, Plaintiffs allege that their contracts with Emerge are governed by Alabama law or alternatively Florida law, (Doc. 1 ¶ 29), and they contend that their breach-of-contract count states a claim under Alabama or Florida law, (Doc. 19 at 5). The contract between Emerge and

Fundamental Nutrition provides that Alabama law governs "any disputes regarding" the contract, (Doc. 19-1 at 2, 7), while the contracts with Chaos and Pain—evidenced by invoices—are silent on the governing law, (*id.* at 3, 11–16). Given the locations of the parties and the nature of this case, the uncertainty about whether Alabama or Florida law applies is not limited to the breach-of-contract count. However, the Court need not engage in a lengthy conflict-of-laws analysis because "the laws of [Alabama and Florida] are substantially similar" in all material respects for all remaining counts such that the Court can "simply decide the issue[s] under the law of each of [these] states" for purposes of deciding the instant motion. *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1171 (11th Cir. 2009) (quoting *Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1234 (11th Cir. 1995)).

## A.    Breach of Contract

The Uniform Commercial Code, as adopted by Alabama and Florida, applies to sales of specially manufactured goods like the supplements at issue in this case. *See* Ala. Code §§ 7-2-102, 7-2-105(1); Fla. Stat. §§ 672.102, 672.105(1). For a breach-of-contract claim under Alabama law, a plaintiff must prove: "(1) the existence of a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages." *Capmark Bank v. RGR, LLC*, 81 So. 3d 1258, 1267 (Ala. 2011). Under Florida law, a breach-of-contract plaintiff must establish: "(1) a valid contract;

(2) a material breach; and (3) damages." *Abbott Labs., Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). Here, Plaintiffs' well-pleaded allegations, admitted by default, satisfy Alabama and Florida law. Plaintiffs plausibly allege that they had valid contracts with Emerge, that they performed under the contracts by paying for supplements, that Defendants materially breached the contracts because they accepted Plaintiffs' payments but did not deliver the supplements as agreed, and that Plaintiffs suffered damages from Defendants' nondelivery of the supplements. (*See* Doc. 1 ¶¶ 1–30; *see also* Doc. 19-1 at 6–9, 11–16). Accordingly, Plaintiffs are entitled to default judgment as to the breach-of-contract count.

Plaintiffs request that the Court enter default judgment against Defendants as to liability and set a hearing to determine the amount of damages to which Plaintiffs are entitled. (Doc. 19 at 10). *See* Fed. R. Civ. P. 55(b)(2)(B). This request will be granted, and the Court will refer this matter to the magistrate judge to conduct the hearing.

### B.    Unjust Enrichment and Money Had and Received

Under Alabama and Florida law, a plaintiff cannot simultaneously recover on a breach-of-contract count and quasi-contractual counts like unjust enrichment and money had and received that complain of the same misconduct. *See Blackmon v. Renasant Bank*, 232 So. 3d 224, 228 n.4 (Ala. 2017) ("[An] unjust-enrichment claim . . . and [a] breach-of-contract claim . . . based on the

same facts and contract[] are mutually exclusive."); *Sovereign Camp, W.O.W. v. Carrell*, 119 So. 640, 643 (Ala. 1928) (explaining that a plaintiff may plead breach of contract and money had and received in the alternative but will have "only one remedy," either on the contract or for money had and received); *Paschen v. B&B Site Dev., Inc.*, 311 So. 3d 39, 49 (Fla. 4th DCA 2021) ("As a general principle, a plaintiff cannot pursue an implied contract theory, such as unjust enrichment . . . , if an express contract exists."); *Berry v. Budget Rent-A-Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1370 (S.D. Fla. 2007) ("[T]he presence of an express contract precludes recovery on a quasi-contractual remedy such as money had and received."). Because Plaintiffs establish Defendants' liability on the breach-of-contract count, they cannot recover on the unjust-enrichment and money-had-and-received counts.

### C.    Fraud and Negligent Misrepresentation

Under Alabama and Florida law, claims of negligent misrepresentation sound in fraud. *See Bank v. Talmage Kirkland & Co.*, 155 So. 3d 231, 235 (Ala. 2014) ("A negligent misrepresentation constitutes legal fraud." (citing Ala. Code § 6-5-101)); *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014) ("[A] negligent[-]misrepresentation claim sounds in fraud under Florida law[.]" (citing *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1511 (11th Cir. 1993) (Cox, J., concurring in the result in part and dissenting in part))). Accordingly, Rule 9(b) applies to such claims. *See Grubbs v. Medtronic, Inc.*, No. 2:18-cv-01468-

AKK, 2019 U.S. Dist. LEXIS 121216, at *14–16 (N.D. Ala. July 22, 2019); *Lamm*, 749 F.3d at 951. To satisfy Rule 9(b) for their fraud and negligent-misrepresentation counts, Plaintiffs must answer "the who, what, when[,] where, and how" questions for the alleged misrepresentations: who said what, to whom, and when, where, and how did they say it? *See Garfield*, 466 F.3d at 1262. Plaintiffs do not sufficiently answer these questions in their complaint.

Plaintiffs allege that Defendants either fraudulently or negligently[2] made three actionable misrepresentations: (1) Emerge could manufacture the supplements in the contracted-to timeframe, (2) the manufacturing would occur "at the address listed on the Emerge website and . . . invoices," and (3) the manufacturing facility was compliant with Current Good Manufacturing

---

[2] It would seem that under Florida law, fraudulent and negligent misrepresentation are mutually exclusive because the former requires the "intent to deceive" and the latter requires "good faith coupled with negligence." *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 127 F.3d 1390, 1395 (11th Cir. 1997) ("[N]egligent representation, as distinguished from fraudulent representation, [occurs] 'when there is no intent to deceive but only good faith coupled with negligence.'" (quoting Restatement (Second) of Torts § 552 cmt. a)); *accord Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334, 337 (Fla. 1997); *Taylor v. Kenco Chem. & Mfg. Corp.*, 465 So. 2d 581, 589 (Fla. 1st DCA 1985) ("Fraud contemplates an intent to deceive[.]"). In contrast, Alabama law does not distinguish between fraudulent and negligent misrepresentation—it is all "legal fraud"—except that a plaintiff cannot recover punitive damages without establishing the defendant's intent to deceive. *See* Ala. Code § 6-5-101 ("Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, *or if made by mistake and innocently* and acted on by the opposite party, constitute legal fraud." (emphasis added)); *Exxon Mobil Corp. v. Ala. Dep't of Conservation & Nat. Res.*, 986 So. 2d 1093, 1114 (Ala. 2007) ("When . . . punitive damages are sought, fraud is statutorily defined to include intent." (citing Ala. Code § 6-11-20)).

Practices. (Doc. 1 ¶¶ 32–33, 38–39, 41; *see* Doc. 19 at 6–7). To support these allegations, Plaintiffs state that "Emerge and Thomas represented that the Emerge manufacturing facility and practices conformed to Current Good Manufacturing Practices . . . as defined by [f]ederal law," (Doc. 1 ¶9), and they imply that Thomas lied about the reasons for Emerge's delays in fulfilling Plaintiffs' orders, (*see id.* ¶¶ 14–18). Plaintiffs do not clarify whether Defendants made the first misrepresentation simply by virtue of contracting with Plaintiffs and the second simply by virtue of putting the address on the website and invoices or whether Thomas or another agent of Emerge spoke or wrote the misrepresentations—for example, during one of the inspections of the facility. (*See id. passim*). *See MeterLogic, Inc. v. Copier Sols., Inc.*, 126 F. Supp. 2d 1346, 1360 (S.D. Fla. 2000) ("When pleading fraud, the plaintiff generally should . . . quote or paraphrase the alleged . . . misrepresentations made by the defendant."). Additionally, although the alleged lies about the delays in fulfilling the orders reinforce that Emerge could not, in fact, manufacture the supplements in the agreed-to timeframe (and may, by extension, support the other misrepresentations), the allegations relating to the lies provide no information about the three actionable misrepresentations themselves—who made them, to whom, where, when, and how.

The closest the complaint comes to satisfying Rule 9(b) is the statement about Current Good Manufacturing Practices, which identifies who said what:

Thomas, on behalf of Emerge, said that the facility complied with Current Good Manufacturing Practices. (*Id.* ¶ 9). The complaint implies that this misrepresentation was made to Plaintiffs, (*see id.*), but it is silent as to which individual or individuals acted as agents for Plaintiffs at that or any other time, (*see id. passim*).[3] As for the where and when, in context the misrepresentation seems related to Plaintiffs' (presumably repeated) inspections of Emerge's Mount Dora, Florida manufacturing facility. (*See id.* ¶ 9; *see also id.* ¶¶ 3, 20 (giving the facility's address)). But the paragraph alleging the misrepresentation covers the parties' dealings from 2021 to 2022, including multiple inspections not tied to any date and one inspection (the last) tied only to a season (summer 2022). (*Id.* ¶ 9). And the complaint does not describe the frequency of the misrepresentation: did it occur just once (when?), at a few inspections (which?), or at all inspections? (*See id. passim*). *See MeterLogic*, 126 F. Supp. 2d at 1360 ("When pleading fraud, the plaintiff generally should specifically identify . . . the time of the alleged fraud . . . ."). Lastly, the complaint does not describe how the misrepresentation was made—in giving a formal oral presentation, chatting over lunch, handing out an informational

---

[3] The Court is cognizant of Wayne Banks's declaration that he is the managing member of Chaos and Pain and the "sole and managing member" of Fundamental Nutrition. (Doc. 19-1 at 1). However, this information does not appear in the complaint, (*see* Doc. 1), and even if it did, Plaintiffs might well have been represented by agents other than Banks during the inspections of Emerge's facility.

packet, checking a box on a form, doing some combination thereof, or doing something else entirely. (*Id.*).

The point is that Plaintiffs "must state"—but do not state—"*with particularity* the circumstances constituting [the] fraud" (that is, the misrepresentations, whether made fraudulently or negligently). Fed. R. Civ. P. 9(b) (emphasis added). Overall, the Court is left to speculate, and Plaintiffs' "allegations must be enough to raise [the] right to relief above the speculative level," *Twombly*, 550 U.S. at 555; *accord United States ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1313 (11th Cir. 2002) ("If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in [a] conclusory fashion."). Thus, the complaint fails to state a claim for the fraud and negligent-misrepresentation counts, and Plaintiffs are not entitled to default judgment on those counts. *See Chudasama*, 123 F.3d at 1370 n.41.[4]

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' motion for default judgment (Doc. 19) is **GRANTED in part and DENIED in part**. The motion is **granted**

---

[4] Moreover, Plaintiffs do not argue in their motion for default judgment that their claims of fraud and negligent misrepresentation satisfy Rule 9(b), nor do they even acknowledge the heightened pleading standard applicable to these claims. (*See* Doc. 19). Thus, they have not "carried [their] burden of convincing the Court" that they have "pleaded the elements of [the claims] with the particularity required by" the rule. *See Lezer Corp. v. Noble Partners LLC*, Civil Action No. 20-23235-Civ, 2020 U.S. Dist. LEXIS 242586, at *4–5 (S.D. Fla. Dec. 23, 2020).

as to Defendants' liability for the breach-of-contract count. The motion is otherwise **denied**. This matter is **REFERRED** to the Honorable Magistrate Judge Philip R. Lammens to conduct a damages hearing and enter a Report and Recommendation with respect to the breach-of-contract count.

   **DONE** and **ORDERED** on February 28, 2024.

                                             JOHN ANTOON II
                                       United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties